IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



AMERICAN LOUVER COMPANY and )
GLASS GORHAM COMPANY, )
)
Plaintiffs, )
)
vs. ) No. 03 C 6871
)
SURGE CONTROL SYSTEMS, LLC, )
WILLIAM F. WILSON, and KAY )
WILSON, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs American Louver Company and Glass Gorham Company brought an action against defendants Surge Control System, William Wilson, and Kay Wilson, alleging breach of contract and breach of an operating agreement. On March 12, 2004, the parties entered into a settlement agreement, which required defendants to pay plaintiffs $75,000 in three $25,000 installments, due December 1, 2004, 2005, and 2006. The settlement agreement also obligated plaintiffs to destroy or modify two molds in its possession, and also destroy certain inventory. In a minute order dated March 24, 2004, the court granted plaintiffs' oral motion to dismiss the case with prejudice pursuant to the settlement agreement, and retained jurisdiction to enforce the settlement (No. 03 C 6871, dkt. 15).

Defendants made the first $25,000 payment, but on November 29, 2005, they informed plaintiffs that they did not intend to make the final two payments. Defendants believed that plaintiffs failed to destroy or modify the two molds, instead using the molds to manufacture a device in violation of the settlement agreement. On January 13, 2006, plaintiffs moved for

reinstatement of claims and entry of judgment, relying on a provision of the settlement agreement.[1] The court granted plaintiffs' motion on March 1, 2006 (No. 03 C 6871, dkt. 18). Defendants now move for reconsideration of that order and seek its vacatur under Rule 60(b). Defendants argue that plaintiffs' breach of the settlement agreement precludes its enforcement. They further contend that the court erred by not affording them an opportunity to oppose plaintiffs' motion.

We are compelled to vacate the March 1, 2006, order, but not on any ground raised by defendants. As noted above, this case was dismissed with prejudice and jurisdiction was purportedly retained to enforce the settlement agreement. However, once the case was dismissed with prejudice, the court's retention of jurisdiction "had no significance." Lynch, Inc. v. SamataMason Inc., 279 F.3d 487, 489 (7th Cir. 2002). In Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381 (1994), the Supreme Court explained that a court could retain jurisdiction over a settled and dismissed case "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." In Lynch, the Seventh Circuit noted that retaining jurisdiction to enforce a settlement agreement means "that the suit has *not* been dismissed with prejudice." Lynch, 279 F.3d at 489 (emphasis in original). *See also* Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002) ("once a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie

---

[1] The relevant provision states that if defendants failed to make a required payment and did not cure within seven days from the payment's due date, then defendants "agree to entry of judgment in favor of [plaintiffs] in the amount owing . . . plus interest at the rate of 12% . . . costs of collection and reasonable attorney's fees." This provision also gives plaintiffs the option to reinstate their claims against defendants in this court.

behind that dismissal."); Hill v. Baxter Healthcare Corp., 405 F.3d 572 (7th Cir. 2005) ("a case that is dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated."); Kozlowski v. Fry, 2002 U.S. Dist. LEXIS 20009, *12-13, 2002 WL 31369508 (N.D. Ill. 2002); Seymour v. Hug, 413 F.Supp.2d 910, 912-13 n.3 (N.D. Ill. 2005).

The March 24, 2004, order dismissed the case with prejudice, and the court accordingly lacked subject matter jurisdiction to rule on plaintiffs' motion for reinstatement of claims and entry of judgment. White v. Bruno, 2005 U.S. Dist. LEXIS 4505, 4-5, 2005 WL 309541 (N.D. Ill. 2005). The March 1, 2006, order is void for lack of jurisdiction, and it is therefore vacated pursuant to Rule 60(b)(4).

We recognize that this ruling may frustrate the parties' intent, and also runs counter to the court's stated retention of jurisdiction, but dismissal cannot be transformed from "with" to "without" prejudice.[2] The settlement agreement is a contract, and since there is no independent basis for federal jurisdiction, the dispute must be raised in state court. Goulding v. Global Med. Prods. Holdings, Inc., 394 F.3d 466, 467-468 (7th Cir. 2005); *see also* Kokkonen, 511 U.S. at 378 ("[e]nforcement of the settlement agreement . . . requires its own basis for jurisdiction."). If there is a silver lining, it is defendant's apparent willingness to satisfy its contractual obligations upon viewing photographs that evidence plaintiffs' compliance with the contract.

---

[2] We note that in Cruz v. Globe Realty Mgmt. Co., 2005 U.S. Dist. LEXIS 33386, *6-7, 2005 WL 3455846 (N.D. Ill. 2005), the court concluded that it had subject matter jurisdiction to consider a settlement agreement even though it dismissed the case with prejudice. In support of its jurisdiction, the court cited Ford v. Neese, 119 F.3d 560 (7th Cir. 1997). However, in Ford, the district court dismissed the case "without prejudice" (*id.* at 561), and in light of Lynch we do not see how Ford would support our jurisdiction.

## CONCLUSION

For the foregoing reasons, the March 1, 2006, order is vacated.

*/s/ James B. Moran*
**JAMES B. MORAN**
Senior Judge, U. S. District Court

May 15, 2006.